## VALENTINE v. VALENTINE.

(Circuit Court of Appeals, Ninth Circuit. May 28, 1923.)

No. 3943.

Divorce ⟪⟫286—Invited error in alimony decree not reversible.

As respects claimed error in divorce decree in directing defendant husband to convey mining property and satisfy certain mortgages held by him on plaintiff's property, where it was recited in the lower court's opinion and findings, to which no objection was made, that defendant disclaimed any interest in the mining property and mortgage indebtedness, held, that apparently, if error was committed in this regard, it was invited, and that such portion of the decree was given by consent, which would not support an appeal.

Appeal from the District Court of the United States for the District of Alaska, Division No. 1; Thos. M. Reed, Judge.

Divorce suit by Josephine G. Valentine against Emery Valentine. From that part of the decree respecting alimony, defendant appeals. Affirmed.

⟪⟫For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

John H. Cobb, of Santa Barbara, Cal., for appellant.

H. L. Faulkner and Henry Roden, both of Juneau, Alaska (Robert W. Jennings, of San Francisco, Cal., of counsel), for appellee.

Before GILBERT and RUDKIN, Circuit Judges, and WOLVER-TON, District Judge.

RUDKIN, Circuit Judge. The final decree in this case granted a divorce to the plaintiff and awarded her permanent alimony in the sum of $7,500, payable at the rate of $125 per month. It was further decreed that the defendant convey to the plaintiff certain mining property which he held in trust for her, and that he cancel and satisfy certain mortgages held by him on property owned by the plaintiff. From that part of the decree directing a conveyance of the mining property and the satisfaction of the mortgages the defendant has appealed. In the course of its opinion the court below said:

"The question of permanent alimony has given me considerable thought. The defendant has during the pendency of this suit, for nearly six years, been paying plaintiff temporary alimony at the rate of $100 a month, and during that time has paid out, on the order of the court, other sums. He also voluntarily, in his testimony and through his counsel, disclaims any interest in the mining claims held in trust by him, and in the mortgage indebtedness long overdue on the homestead in Juneau and the property in Douglas. This offer, which is fair under the circumstances of the case, should be accepted and made a part of any alimony awarded the plaintiff."

This language was substantially repeated in the findings of the court, to which no objection was made or exception taken. It is therefore apparent from the record that, if error was committed by the court in this regard, the error was invited by the appellant, and that portion of the decree appealed from was given by consent. Such a decree will not support an appeal. Pacific R. R. Co. v. Ketchum, 101 U. S. 298, 25 L. Ed. 932; 2 Cyc. 620.

The decree is therefore affirmed.